UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON EDWARD STRANGE JR.,

Plaintiff,

-against-

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS; NURSE PRACTITIONER USZYNSKI; CORRECTIONAL OFFICER SHAWN McGEE; SGT. SHULTIS #195,

Defendants.

---

17-CV-9968 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated at the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Plaintiff sues the Westchester County Department of Corrections, Nurse Practitioner Uszynski, Correctional Officer Shawn McGee, and Sgt. Shultis, Shield No. 195. By order dated August 7, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court dismisses the complaint with leave to replead within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges that on November 7, 2017, he slipped and got hurt while exiting the shower inside his cell. He asserts that he did not have a shower mat to protect him from slipping. Plaintiff twisted his ankle as he was exiting the shower, and although he attempted to maintain his balance, he fell to the floor on his back. The fall to the floor caused injury to Plaintiff's shoulder, back, and head. While on the floor in pain, Plaintiff called for Defendant McGee, who called Defendant Shultis. Sometime later, the emergency services unit (ESU) and Defendant Uszynski entered Plaintiff's cell, where he was still on the floor in pain. Plaintiff asserts that Defendant Uszynski examined his body in a very rough manner and used her writing pen to push on Plaintiff's right toe, causing the toe to bleed and swell. He alleges that ESU and Defendant Uszynski left Plaintiff's cell while he was still on the floor in pain. Plaintiff alleges that on November 10, 2017, he finally received medical care for his injuries and he was prescribed Motrin. As of the date of Plaintiff's complaint, he was still in pain.

## DISCUSSION

### I. Westchester County Department of Correction

Plaintiff's claims against the Westchester County Department of Corrections ("WCDOC") must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City*

2

*of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

## II. Section 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## III. Excessive Force

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments," U.S. Const. Amend. VIII, and precludes the "unnecessary and wanton infliction of pain," *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (internal quotation marks and citation omitted). To establish a constitutional claim of excessive force, a plaintiff must allege facts that satisfy both an objective and a subjective component. *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992); *United States v. Walsh*, 194 F.3d 37, 49 (2d Cir. 1999). He must first show that the alleged wrongdoing was "objectively, sufficiently serious" or objectively harmful enough. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional right." *Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). The plaintiff must also allege facts showing that the amount of force used was more than *de minimis*, amounting to conduct "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986); *see Hudson*, 503 U.S. at 9-

10; *Walsh*, 194 F.3d at 49. A plaintiff must also satisfy the subjective element by showing that each official who used excessive force against him had a "sufficiently culpable state of mind" by acting "maliciously and sadistically" thereby causing the "unnecessary and wanton infliction of pain." *Hudson*, 503 U.S. at 7-8; *see Farmer*, 511 U.S. at 835-36; *Blyden v. Mancusi*, 186 F.3d 252 (2d Cir. 1999).

Plaintiff's allegations that Defendant Uszynski examined his body in a very rough manner and used her writing pen to push on Plaintiff's right toe, causing the toe to bleed and swell fail to state an excessive force claim. Plaintiff does not allege facts suggesting that the amount of force used was more than *de minimus*, or that Defendant Uszynski acted "maliciously and sadistically." Plaintiff therefore fails to state an excessive force claim under § 1983.

## IV. Conditions of Confinement

The Court construes Plaintiff's claims that he slipped and fell while exiting the shower and that he was deprived of medical care as asserting conditions-of-confinement claims under the Eighth or Fourteenth Amendments of the United States Constitution.[2] To state a conditions-of-confinement claim, a plaintiff must allege that a correction official was deliberately indifferent to a substantial risk of serious harm to him. *See Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A convicted prisoner must show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. A pretrial detainee must show that "that the defendant-

---

[2] If Plaintiff was a pretrial detainee during the events that are the basis of his claims, his condition-of-confinement claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted prisoner, such claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Because it appears that Plaintiff was a pretrial detainee on the date of incident, the more generous standard applies. Even under this standard, however, Plaintiff fails to state a claim.

### A. Slip and fall: lack of shower mat

District courts in this Circuit have repeatedly held that, standing alone, a claim that a prisoner fell on a slippery floor and injured himself fails to satisfy the first prong of a conditions-of-confinement claim. *See, e.g., Covington v. Westchester Cnty. Dep't of Corr.*, No. 06-CV-5369 (WHP), 2010 WL 572125, at *8 (S.D.N.Y. Jan. 25, 2010) (wet floor causing slip and fall "does not rise to the level of intolerable prison conditions"); *Jennings v. Horn*, No. 05-CV-9435 (SAS), 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) (accumulation of water on cell floor did not "objectively violate contemporary standards of decency"); *but see Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *5-6 (S.D.N.Y. July 23, 2014) (concluding that plaintiff with a known disability who was subjected to slippery floors stated a constitutional claim).

Plaintiff's allegations also fail to satisfy the second prong of a conditions-of-confinement claim because they do not demonstrate that prison officials "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Plaintiff's claim is therefore no different from a run-of-the-mill slip-and-fall claim, which arises under state law. *See, e.g., Seymore v. Dep't of Corr. Servs.*, No. 11-CV-2254 (JGK), 2014 WL 641428, at *4 (S.D.N.Y. Feb. 18, 2014) (characterizing plaintiff' s allegations concerning a slip-and-fall caused by unsafe

5

conditions as "ordinary torts that do not rise to the level of constitutional deprivations"); *Martin v. City of New York*, No. 11-CV-600 (PKC), 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012) ("[B]odily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation.").

Because Plaintiff fails to allege facts satisfying either prong of a conditions-of-confinement claim, he fails to state a claim under the Fourteenth Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The claim is therefore dismissed on this basis.

### B. Inadequate medical care

To state a § 1983 claim for inadequate medical care under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege facts showing that correction officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Caiozzo v. Koreman*, 581 F.3d 63, 69-72 (2d Cir. 2009).

Deliberate indifference to a prisoner's medical need is evaluated under a two-pronged test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). The subjective component requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). The Supreme Court's decision in

*Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), however, "altered the standard for deliberate indifference claims under the Due Process Clause" with respect to the subjective prong, *Darnell*, 849 F.3d at 30. It is now more properly considered a *mens rea* prong that requires a showing of recklessness, which is defined objectively. *Id.* at 32, 35. A pretrial detainee must therefore prove "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Here, Plaintiff fails to allege facts sufficient to suggest that prison officials had the requisite mental state necessary for a demonstration of inadequate medical care, similar to his inability to do so with respect to his lack of shower mat claim. Additionaly Plaintiff alleges that he did in fact receive prompt medical treatment: he was seen by a nurse shortly after the fall and he received additional medical care on November 10, 2017, when he was prescribed Motrin, therefore clinching his inability to demonstrate that any care he received was inadequate. Plaintiff also fails to allege that his injuries were "sufficiently serious." He appears to describe a soft-tissue injury, and such an injury is generally not considered to create a condition of urgency or pain sufficient to render a delay or denial of treatment constitutionally suspect. *See, e.g. Patterson v. Westchester Cnty.*, 13-CV-0194 (PAC) (AJP), 2014 WL 1407709, at *7 (S.D.N.Y. Apr. 11, 2014) ("[Plaintiff's] torn ankle ligaments do not constitute the type of serious medical need required to state a § 1983 Eighth Amendment deliberate indifference claim."); *Rodriguez v. Mercado*, No. 00-CV-8588 (JSR) (FM), 2002 WL1997885, at *8 (S.D.N.Y. Aug. 28, 2002) (bruises to head, back, and wrists insufficient to meet objective prong where "[d]espite the suggestion that [the plaintiff] was kneed in the back and had his head struck against the wall . . . [he] has not adduced any evidence to

suggest that any of his injuries . . . were so urgent or life-threatening that they required immediate care"); *Chatin v. Artuz*, No. 95-CV-7994 (KTD), 1999 WL 587885, at *1-2 (S.D.N.Y. Aug. 4, 1999) (pain and soft-tissue swelling of the foot did not meet objective prong of deliberate-indifference test), *aff'd*, 28 F. App'x 9 (2d Cir. 2001); *Stephanski v. Arnone*, No. 04-CV-552A (RJA), 2008 WL 413301, at *10 (W.D.N.Y. Feb. 13, 2008) (bruises and pain "do not constitute the requisite 'serious medical condition' necessary to establish an Eight Amendment deliberate indifference claim").

Because Plaintiff fails to allege any facts suggesting that he had a serious medical need or that Defendants were deliberately indifferent to that need, he does not state a claim under § 1983.

## V.  Leave to Replead

Because Plaintiff is proceeding *pro se*, and it is not clear that granting leave to replead would be futile, the Court grants Plaintiff leave to replead his excessive force and inadequate medical care claims. Plaintiff must sufficiently detail his claims in accordance with the standards above. Plaintiff must name as the defendants in the caption, and in the statement of claim, those individuals who were allegedly involved in the deprivation of his federal rights. Plaintiff must also provide a short and plain statement of the relevant facts supporting each claim against each defendant he names. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Should Plaintiff replead his claims in an amended complaint, he must, to the greatest extent possible:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 17-CV-9968 (NSR). An Amended Complaint form

is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed, and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 14, 2018
White Plains, New York

NELSON S. ROMÁN
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV. DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

Defendant 2:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

Defendant 3:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

Defendant 4:

_____
First Name                Last Name                Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                State                Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____